JUDGE SHEINDLIN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
ROBERT FORREST,                      )
                                     )   11 CIV 0547
                                     )
                                     )   Civil Action No. _____
              Plaintiff,             )
   -v-                               )
                                     )   COMPLAINT
CITY OF NEW YORK, NEW YORK           )
CITY POLICE DEPARTMENT,              )   JURY TRIAL DEMANDED
OFFICER JUNIO ACOSTA, in his         )
individual and official              )
capacities, and OFFICER JOSE         )
SALCEDO, in his individual and       )
official capacities,                 )
                                     )
                                     )
              Defendants             )
```



## PRELIMINARY STATEMENT

1. This is an action concerning wrongful arrest, conviction, and incarceration of the plaintiff for a period from January 30, 2009 to present.

2. On or about January 30, 2009, New York City Police Officer Junio Acosta, Defendant, (Hereinafter referred to as "Acosta") and New York City Police Officer Jose Salcedo, Defendant, (Hereinafter referred to as "Salcedo") arrested the Plaintiff, Robert Forrest, (Hereinafter "Forrest") after he exited a supermarket located on Broadway between 142nd and 143rd Streets, New York, New York.

3. The Defendants, Salcedo and Acosta, suspected the Plaintiff of involvement in a drug transaction based solely on their observation of the market. After observation, Officer Acosta directed Officer Salcedo to stop the plaintiff. A few blocks from the market, Salcedo asked the plaintiff where he was coming from, and based solely on the belief plaintiff was not truthful about where he had come from, the officer prepared to arrest the plaintiff. During his search of the plaintiff incident to the arrest, Salcedo discovered an illegal weapon on the person of the plaintiff and arrested him for the criminal possession of a weapon.

4. Said arrest of the Plaintiff for criminal possession of a weapon was made without probable cause.

5. The frisking of the plaintiff was not warranted because there was no suspicion that the plaintiff was armed, nor that he had any involvement in a drug transaction.

6. During trail, the plaintiff argued that his arrest lacked probable cause and requested that the evidence incriminating him be suppressed, but the Judicial Hearing Officer denied the suppression motion.

7. Thereafter, on August 25, 2009 the plaintiff plead guilty to the first count in the indictment, criminal possession of a weapon in the second degree, and was adjudicated a

2

second violent felony offender. He received the promised sentence of 7 years with 5 years post-release supervision. The plaintiff was also subject to the New York City Gun Offender Registration.

8. The plaintiff was incarcerated from the time of arrest to date by the City of New York and the State of New York.

9. On October 21, 2010, the Appellate Division, First Department, State of New York unanimously reversed the conviction of the plaintiff on the grounds that the frisking of the plaintiff was not based on sufficient predicate grounds (see *People v. Banks*, 85 NY2d 558, 562 [1995]; *People v. Gonzalez*, 295 AD2d 183 [2002]) and thus lacked probable cause. See People v. Forrest 2010 NY Slip Op 07480 [77 AD3d 511] Appellate Div. 1st Dept., October 21, 2010.

## PARTIES

10. The plaintiff, Robert Forrest, is presently incarcerated at Rikers Island, Queens, New York.

11. Defendant, City of New York, controls and is responsible for the actions of the New York City Police Department and its officers, and operates the correction facility located at Rikers Island, Queens, New York through the City of New York Department of Corrections.

12. Defendant, New York City Police Department, controls and is responsible for the actions of its officers.

13. Defendant, Officer Acosta, was at all relevant times employed by the New York City Police Department. At all times relevant to this complaint, he was acting in the course and scope of his employment with the New York City Police Department. He is sued in his official and individual capacities.

14. Defendant, Officer Salcedo, was at all relevant times employed by the New York City Police Department. At all times relevant to this complaint, he was acting in the course and scope of his employment with the New York City Police Department. He is sued in his official and individual capacities.

### JURISDICTION AND VENUE

15. This Court has subject-matter jurisdiction over plaintiff's claims pursuant to 28 U.S.C.§§ 1331, 1343(a).

16. Venue is proper pursuant to 28 U.S.C. § 1391(a)(2) in that the plaintiffs claims arise within the Southern District of New York and pursuant to 28 U.S.C.§ 1391(b)(1) in that the defendants reside within the Southern District of New York.

17. This Court has jurisdiction over all state common law claims pursuant to 28 U.S.C. § 1367(a).

### FIRST CAUSE OF ACTION
(False Arrest and False Imprisonment in Violation of the U.S. Constitution)

18. By their actions in this complaint, Defendants acted under the color of state law to deprive plaintiff, Robert Forrest, of his right to be free from false arrest and false imprisonment as guaranteed by the Fourth and Fourteenth Amendment of the Federal Constitution, as enforced by 42 U.S.C. §1983.

### SECOND CAUSE OF ACTION
(False Arrest and False Imprisonment in Violation of New York law)

19. Defendants subjected plaintiff, Robert Forrest, to false arrest and false imprisonment in violation of the laws of New York State, since the plaintiff was wrongfully, unlawfully, unjustifiably, and forcibly detained and deprived of his liberty against his will. The Defendants did so while acting as employees of the City of New York, in the course of their employment and in the scope of their authority in furtherance of the interests of their employer.

WHEREFORFE, the plaintiff, Robert Forrest, requests the Court award:

a) a declaration that the actions of the Defendants violated the U.S. Constitution and New York law.

b) Compensatory damages in an amount to be determined according to proof at trial;

c) Attorney's fees and costs pursuant to 42 U.S.C. §1988; and

d) Such other and further relief as the court deems proper.

Dated:   New York, New York
         January 25, 2011

                Respectfully submitted,
                MICHAEL J. COLLESANO, LL.M., PC

                By: _____
                MICHAEL J. COLLESANO, LL.M.
                Attorneys for Plaintiff
                110 Wall Street, 11th Floor
                New York, New York 10005
                (212) 227 - 6879
                Bar Admission Code: MC2665